IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN BELL and KEITH COSTANZA, on
behalf of themselves and similarly
situated employees,

        Plaintiffs,

        v.

CITIZENS FINANCIAL GROUP, INC., RBS
CITIZENS, N.A. (d/b/a Citizens Bank), and
CITIZENS BANK OF PENNSYLVANIA
(d/b/a Citizens Bank),

        Defendants.

NO. 10-cv-00320-GLL

## CONFIDENTIALITY ORDER

For good cause shown, it is this 22ⁿᵈ day of SEPTEMBER, 2010, by the United States District Court for the Western District of Pennsylvania, ORDERED:

1. **Scope.** This Confidentiality Order ("Order") shall govern all documents, testimony, and other discovery materials produced by any person in response to any method of discovery conducted by or on behalf of named Plaintiffs Justin Bell and Keith Costanza (collectively "Named Plaintiffs"), all individuals who opt to be plaintiffs, all potential class or collective action members, and Defendants, RBS Citizens, N.A., d/b/a Citizens Bank ("Defendant RBSC" or "RBSC"), Citizens Financial Group, Inc. ("Defendant CFG" or "CFG"), and Citizens Bank of Pennsylvania (hereinafter collectively "Defendants"), in the above-captioned matter.

1

2. **Definitions Generally.** For the purposes of this Order, the following definitions shall apply:

(a) As used herein, the term this "Lawsuit" refers to the above-captioned action filed by the Named Plaintiffs on behalf of themselves and "similarly situated employees" in the United States District Court for the Western District of Pennsylvania, *Bell et al. v. Citizens Financial Group, Inc., et al.* (Case No. 10-cv-00320-GLL).

(b) The term "concerning" means relating to, referring to, describing, evidencing, constituting, or in any way pertaining to the document(s) or information described herein.

(c) The terms "relate to", "related to," or "relating to" mean analyzing, containing, concerning, dealing with, constituting, defining, discussing, describing, embodying, evidencing, explaining, reflecting, referring to, setting forth, showing, or in any way pertaining to the document(s) or information described herein.

(d) The term "Named Plaintiffs" shall refer collectively to Justin Bell and Keith Costanza.

(e) The term "Plaintiffs" shall refer collectively to the Named Plaintiffs, all individuals who opt to be plaintiffs in this Lawsuit, all class or collective action members (whether potential or known), and all individuals who sign declarations or other sworn statements in this Lawsuit.

3. **Designation of Confidential Information.** Whenever in the exercise of careful judgment and in good faith any party to this Lawsuit determines that any part of any response to a request for discovery should be treated as confidential, that party shall have the right to designate the information as "Confidential." Documents claimed by the producing party to contain Confidential Information shall, prior to production, be marked as "Confidential." Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice to all other persons that the document contains Confidential Information (as defined herein).

4. **Confidential Information Defined.** For the purposes of this Order, "Confidential Information" is defined as any documents or information that contain proprietary, personal, financial or business information that should be treated as confidential, the full or unrestricted disclosure of which is likely to cause annoyance, embarrassment, oppression, or undue burden or expense, including, but not limited to:

    (a)    personnel files or any documents containing personnel information of any former or current employees of Defendants;

    (b)    documents or information related to the job duties of the positions at issue in this action, such as, without limitation, employee handbooks, training manuals or job descriptions;

    (c)    documents or information containing proprietary matters of Defendants such as, without limitation, operations manuals, training manuals, employee handbooks, job descriptions, and/or other business policies or policies related to the Plaintiffs in this action;

(d) documents or information regarding the organizational structure of Defendants, such as, without limitation, organizational charts or branch directories, that contain personal identity information or proprietary information.

(e) documents or information related to Defendants' pay structure, pay policies or procedures, such as, without limitation, documents or information concerning pay ranges and/or pay periods, that contain personal identity information or proprietary or financial information;

(f) documents, information or policies related to employees' compensation, including overtime pay or and/or incentive compensation, that contain personal identity information or proprietary information;

(g) documents, information or policies related to hours worked by employees that contain personal identity information or proprietary information;

(h) documents, information or policies related to the recording of time and/or the reporting of time for hours worked by employees that contain personal identity information or proprietary information;

(i) documents, information or policies related to complaints by employees concerning hours worked or overtime pay;

(j) documents or information related to any internal complaints of wage and hour law violations alleged to have been committed by Defendants;

(k) documents or information related to trade secrets, such as, without limitation, customer lists, customer services, products or pricing information; and

(l) documents or information related to confidential financial matters of Defendants.

5. **Copies of Confidential Information.** Copies, extracts, summaries, notes, and other derivatives of Confidential Information shall also be deemed Confidential Information and shall be subject to this Order.

6. **Electronic Data.** Electronically stored confidential data, information or documents, and electronically stored versions of documents or information otherwise deemed confidential, shall also be deemed Confidential Information and shall be subject to this Order.

7. **Depositions.** Depositions, or portions of depositions, may be designated as Confidential Information either by the deponent or by any attorney attending or participating in the deposition. A person claiming that a deposition or any portion of a deposition contains Confidential Information shall give notice of that claim to the parties to the action either during the deposition or within 14 days of the receipt of the transcript. Following such notice, the testimony and transcript of the deposition or portion thereof shall be designated as Confidential Information.

8. **Restrictions on Use of Confidential Information.** Confidential Information may be used or referred to only in this Lawsuit (as defined above) and not in any other lawsuit, litigation, action, arbitration, mediation or other proceeding(s). It may not be used or in any way communicated to anyone, including, but not limited to, attorneys or other litigants, for any

5

purpose other than to prosecute or defend against the claims asserted in this Lawsuit. Further, it may not be used or in any way communicated to anyone, including the following persons, for any purpose other than to prosecute or defend against the claims asserted in this Lawsuit. These persons may receive, on a confidential basis, Confidential Information only as follows:

(a) counsel for a party in this action, and secretaries, paralegals, law clerks, and other staff employed by the offices of such counsel to whom it is appropriate that the Confidential Information be disclosed for purposes of this action;

(b) an employee of a receiving party who has agreed to and executed Exhibit A and who is designated in advance in writing to the disclosing party;

(c) the Court, appropriate appellate Courts, and their personnel, including but not limited to court reporters during the trial of the above-captioned action;

(d) court reporters, videographers, and their staffs engaged for depositions in this action;

(e) any person who is retained by a party as an independent consultant, adviser or expert in connection with this action (specifically excluding present and former employees of a party), provided that Confidential Information shall only be shown to any such person to the extent appropriate for that person to perform his or her work in connection with the action, and provided further that the proposed consultant, adviser, or expert: (1) is given a copy of this Order; and (2) signs and serves on all

parties an undertaking in the form of Exhibit A hereto;. The identity of any person as a consultant in this process does not waive any objections on behalf of any party regarding the disclosure of other information or communications pertaining to this person. The disclosing party shall then have a period of five (5) days to object in writing to the proposed consultant, adviser, or expert's receipt of the Confidential Information;

(f) party and non-party deponents, if: (1) the attorney making the disclosure advises the deponent that this Order bars the deponent from divulging Confidential Information; and (2) the Confidential Information is not left in the possession of the deponent, unless the deponent signs the undertaking in the form of Exhibit A hereto;

(g) insurers of any party to whom it is necessary that Confidential Information be shown for purposes of this litigation, or assessing insurance coverage at issue in this litigation;

(h) any mediator before whom the parties mediate the claims asserted in the above-captioned action; and

(i) any other person that the disclosing party may agree in writing may receive such information.

9. **Requirement to Furnish Exhibit A Upon Request.** Executed undertakings in the form of Exhibit A shall be furnished to counsel for the parties to this action upon request.

10. **Exclusion of Unauthorized Persons from Depositions.** If Confidential Information is to be discussed or disclosed during a deposition, the producing party or any party

to this action shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not authorized by this Order to receive the Confidential Information.

11. **Use of Party's Own Confidential Information.** Nothing in this Order shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

12. **Filing of Confidential Materials.** Documents treated as Confidential Information under this Order for good cause shown must be filed under seal with the Court in reference to any motion or filing with the Court except as provided in Paragraph 21 below. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

13. **Inadvertent Error.** Inadvertent failure to designate documents, information, or testimony as Confidential Information shall not constitute a waiver to so designate such documents, information, or testimony at a later time or as a wavier as to other documents, information, or testimony, provided that such designation is made promptly upon the discovery of the need to make such designation.

14. **Disputes Over Designation as Confidential Information.** A party or other person objecting to the designation of any material as Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within 14 days after such objection, the parties and any other objecting person shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall not be treated as

confidential. Pending determination by the Court, material designated by a party as confidential shall be treated as Confidential Information as provided in this Order.

15.     **Disputes Over Access to Confidential Information.** If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the Confidential Information.

16.     **Copies of Confidential Information.** No copies of Confidential Information shall be made except on behalf of counsel in this case. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information under Paragraph 8 above.

17.     **Subpoenas.** If Confidential Information is subpoenaed by any person other than those to whom such Confidential Information may be disclosed pursuant to Paragraph 8 above, the person to whom the subpoena is directed shall give prompt written notice thereof (including a copy of the subpoena) to the party who designated the information as Confidential. No Confidential Information shall be disclosed during the pendency of a motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to enforce this Order or prevent disclosure of the Confidential Information.

18.     **Non-Waiver of Rights and Objections.** Nothing in this Order shall constitute a waiver of any objection to the discoverability or admissibility of any Confidential Information or preclude the parties from seeking any additional available protection with respect to any Confidential Information.

19. **Non-Waiver of Privilege.** If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other privilege or immunity, such production shall not be deemed a waiver of any privilege as to (a) that document or information or (b) any other document or information on the same or a related subject matter. The producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the producing party.

20. **Challenges to Privilege or Confidentiality.** Nothing stated herein shall preclude a party from challenging an assertion by the other party of privilege or confidentiality.

21. **Trial.** This Order shall not apply to the submission or filing of Confidential Information at trial. The parties agree that they will, in advance of trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of its Confidential Information at trial. Nothing in this Order shall be construed to affect the admissibility of any document or information at trial.

22. **Termination of Proceedings.** The termination of proceedings in this action shall not relieve the persons described in Paragraph 8 above from maintaining the confidentiality of the Confidential Information. Within sixty (60) days after final termination of this action, each

party who received Confidential Information: (a) shall either destroy all documents containing Confidential Information—including copies, notes, abstracts, summaries, excerpts, or extracts and documents in possession of counsel and/or experts for the parties—or return them to the designating party, at the designating party's option; and (b) shall certify to the designating party in writing that they have destroyed or returned such documents. Notwithstanding the above, counsel to the above-captioned parties may retain a set of pleadings, exhibits, and attorney work product for archival purposes. This Court shall retain jurisdiction to enforce all provisions of this Order,

23. **Close of District Court Case.** After the close of the case in District Court, any party may move the court to return materials that party filed either under seal or as restricted documents. Any such motion shall be filed within sixty-three (63) days of the close of the case in the District Court. If either party fails to file such a motion within sixty-three (63) days of the close of the District Court case, the materials that party filed under seal or as restricted documents will become part of the public case file.

*For Plaintiffs:*

DATED: September 21, 2010  BY: */s/ Brendan J. Donelon*
                                Brendan J. Donelon, Esq.

*For Defendants:*

DATED: September 21, 2010  BY: */s/ Hilary W. Taylor*
                                Hilary W. Taylor, Esq.

*Ordered by the Court:*

DATED: September 22, 2010  BY: _____
                                Hon. Gary L. Lancaster

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN BELL and KEITH COSTANZA, on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS, N.A. (d/b/a Citizens Bank), and CITIZENS BANK OF PENNSYLVANIA (d/b/a Citizens Bank),<br><br>Defendants. | NO. 10-cv-00320-GLL |

The undersigned hereby states as follows:

1. I have read the Confidentiality Order entered in the above-captioned matter.

2. I agree to be bound by the terms of the Confidentiality Order.

3. I understand that, pursuant to the Confidentiality Order, I shall not divulge any Confidential Information except in connection with this Lawsuit, and that I will not use the information for any purpose unrelated to this Lawsuit.

4. I understand that I am subject to penalties, including citation for contempt of court, if I violate my obligations under the Confidentiality Order, and I consent to the above Court's jurisdiction for this purpose.

Signed: _____

Print Name: _____

Date: _____