IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN BELL and KEITH COSTANZA on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS, N.A. d/b/a CITIZENS BANK, CITIZENS BANK OF PENNSYLVANIA d/b/a CITIZENS BANK,<br><br>Defendants. | Civil Action No. 10-0320 |

MEMORANDUM

Gary L. Lancaster,                                              June 6, 2011
Chief Judge.

       This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. ("PMWA"), and the Massachusetts Minimum Fair Wage Act, Mass Gen. Laws ch. 151, § 1A & 1B ("MMFWA"). Plaintiffs, Justin Bell and Keith Costanza, on behalf of themselves and similarly situated employees, bring a class/collective lawsuit alleging that defendants, Citizens Financial Group, RBS Citizens, and Citizens Bank of Pennsylvania ("Citizens"), have a standard practice of improperly classifying assistant branch managers ("ABMs") as

exempt from the overtime requirements of the FLSA, PMWA, and MMFWA. Plaintiffs seek declaratory and injunctive relief, back pay and prejudgment interest, liquidated and treble damages, and attorneys' fees and costs.

Plaintiffs have moved for class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") under the PMWA [Doc. No. 87] and the MMFWA [Doc. No. 89]. A class certification hearing was held by the court on March 25, 2011. The court raised <u>sua sponte</u> at the hearing the potential incompatibility of actions dual filed under both the FLSA and state wage laws. For the reasons set forth below we will not certify the Rule 23 classes.

I. <u>BACKGROUND</u>

Justin Bell was employed by Citizens as an ABM from approximately October, 2007 until August, 2008 in a bank branch located in Monroeville, PA. Keith Costanza was employed by Citizens as an .ABM from approximately October, 2004 until August, 2009 in two different bank branches in Boston, MA.

Plaintiffs allege that their primary duties did not include exempt duties such as managing either of their assigned bank branches or any departments or subdivisions of those bank branches. Plaintiffs allege that they spent the majority of their time performing the same non-exempt duties as hourly

2

personal bankers and tellers at the branches. Plaintiffs allege that they did not have the authority to do as follows: hire or fire other employees; make recommendations as to the hiring, firing, advancement or other changes in employees' status; perform job evaluations of other employees; adjust rates of pay or hours of work for other employees; direct the work of other employees; work in relation to the management or general business of the branch; exercise their judgment or discretion with respect to significant matters; or make decisions regarding the branch's financial budget.

Plaintiffs were paid a weekly salary and often worked in excess of 40 hours per week. Bell contends he worked an estimated 45 to 50 hours in a typical workweek. Costanza contends he worked an estimated 45 hours in a typical workweek. Plaintiffs did not receive any compensation for hours worked over 40 in a workweek.

Citizens operates bank branches throughout Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island, and Vermont. Plaintiffs contend that Citizens has a corporate-wide practice of classifying all ABMs as overtime exempt despite a majority of ABMs spending a large percentage of their time performing non-exempt personal banker and teller related duties, including opening new accounts and handling customer business.

Specifically, plaintiffs allege that Citizens has violated the PMWA and MMFWA as follows:

(1) Citizens uniformly classified ABMs as exempt from state overtime laws;

(2) Citizens maintained a standardized job title and job description for the ABM position;

(3) ABMs routinely spent approximately 80% to 100% of their time performing non-exempt personal banker and teller duties;

(4) ABMs routinely worked more than 40 hours in a week; and

(5) ABMs were all paid a salary that did not compensate them for overtime worked.

In support of this contention, plaintiffs have submitted declarations from over 80 putative class members. For Pennsylvania, plaintiffs submitted 51 declarations from ABMs. The average number of hours worked by the 51 Pennsylvania ABMs was 48.46, and the average percent of time spent performing non-exempt duties was 87.56%. For Massachusetts, plaintiffs submitted 32 declarations from ABMs. The average number of hours worked by the 32 Massachusetts ABMs was 49.72, and the average percent of time spent performing non-exempt duties was 88.91%.[1]

---

[1] Plaintiffs also request that the court take note that Citizens recently reclassified a large number of ABMs as non-exempt, and modified the job duties of other ABMs to increase their supervision and responsibilities. Citizens contends that any staffing changes it made are irrelevant to class certification. [Doc. Nos. 104 and 105].

Plaintiffs also submitted job descriptions for ABM job vacancies posted in New York, Pennsylvania, Massachusetts, Delaware, and New Jersey. Each job posting describes the same position and duties:

> Overall responsibility for daily operations, including management of Teller (including Teller Manager) and Customer Service staff to a Tier II branch. Provide sales leadership to ensure franchise growth through personal example and regular monitoring of team sales results. Under guidance of Branch Manager may hire, fire, review and counsel staff. Reviews teller work schedule. Schedules Bankers/Customer Service Representatives to ensure adequate coverage. Responsible for keeping branch in compliance with all bank policies and procedures and prepares branch for internal audits. Monitors branch service quality levels and coaches staff to achieve appropriate levels. Responds to complex customer complaints and questions. Coordinates special events such as Customer Appreciation Day. Opens and/or closes branch. Reports to Branch Manager.

Citizens admits that all ABMs are paid a salary, regardless of branch location, and that all ABMs are classified as exempt from overtime requirements under the PMWA and MMFWA. Citizens also does not contest that the above job posting accurately describes the job duties of an ABM; however, Citizens contends that their policy is compliant with applicable laws. Citizens contests class certification pursuant to Rule 23 on the grounds that it is the decision of the individual Branch Managers in control of their individual branches to depart with Citizens' lawful policy, and such decisions are not driven from

5

any centralized corporate policy or boilerplate job descriptions.

## II. PROCEDURAL BACKGROUND

Plaintiff Justin Bell commenced this action on March 10, 2010 seeking relief under the FLSA. [Doc. No. 1]. On April 29, 2010, plaintiffs Justin Bell and Keith Costanza filed an amended class/collective action complaint seeking relief under the FLSA, PMWA, and MMFWA. [Doc. No. 12]. Plaintiffs moved for conditional certification for a collective action under the FLSA on June 16, 2010. [Doc. No. 20]. On September 2, 2010, this court entered an order granting plaintiffs' motion for conditional certification for a collective action under the FLSA for the following class: "All Assistant Branch Managers employed at Citizens Bank retail branches during any workweek since March 10, 2007 who were paid a salary and classified by Defendants as exempt from the FLSA's overtime pay mandates." [Doc. No. 55]. On October 6, 2010, notices were mailed to 2,669 identified ABMs. The consent deadline to become a party plaintiff was set for December 6, 2010. Approximately 479 individuals opted into plaintiffs' FLSA claim. [Doc. Nos. 3-7, 13-15, 66, 68-73, 76, 80-82, 85, 92-93].

Plaintiffs filed motions for class certification under the PMWA and MMFWA on December 19, 2010. [Doc. Nos. 87 and 89].

Plaintiff Justin Bell seeks Rule 23 class certification for the following class: "All Assistant Branch Managers employed at Citizens Bank retail branches in Pennsylvania during any workweek since March 10, 2007 who were paid a salary and classified by Defendants as exempt from the PMWA's overtime pay mandates." [Doc. No. 12]. The potential PMWA class consists of approximately 853 individuals. [Doc. No. 88-1].

Plaintiff Keith Costanza seeks Rule 23 class certification for the following class: "All Assistant Branch Managers employed at Citizens Bank retail branches in Massachusetts during any workweek since March 10, 2008 who were paid a salary and classified by Defendants as exempt from the [MMFWA]'s overtime pay mandates." [Doc. No. 12]. The potential MMFWA class consists of approximately 674 individuals. [Doc. No. 88-1].

On March 25, 2011, this court held a hearing on plaintiffs' motions for Rule 23 class certification under the PMWA and MMFWA. [Doc. No. 103].

### III. DISCUSSION

Plaintiffs have moved for both opt-in FLSA collective action certification and opt-out Rule 23 class action certification in the same case. As addressed at the March 25, 2011 hearing on plaintiffs' motions for class certification

7

under the PMWA and MMFWA, we find that a potential conflict is created by bringing the federal and state collective/class actions in the same case. Neither party has expressly addressed the potential incompatibility of actions dual filed under both the FLSA and state wage laws in their respective briefs. However, we will address this issue sua sponte because we find the issue of incompatibility to be of significant merit.

The Court of Appeals for the Third Circuit has not addressed the issue of incompatibility of FLSA collective actions that are filed in conjunction with Rule 23 class actions where the plaintiff pled original subject matter jurisdiction over the state-law class action. However, the court of appeals provided guidance in De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), when it determined that the district court did not properly exercise supplemental jurisdiction over a state law opt-out action that was filed in conjunction with an FLSA opt-in action. Id. at 312.

The court of appeals stated that the decision to mandate an opt-in class or an opt-out class is a "crucial policy decision." Id. at 311. The court of appeals then found that the "inordinate size of the state-law class, the different terms of proof required by the implied contract state-law claim, and the general federal interest in opt-in wage actions" caused the state law claims to predominate. Id. at 312. Therefore, the

court of appeals held that the district court abused its discretion in exercising supplemental jurisdiction. Id. The court of appeals characterized plaintiffs' attempt to certify the state-law class action in conjunction with the FLSA collective action as a "second line of attack when the FLSA opt-in period yielded a smaller than desired federal class." Id.

While De Asencio provides direction, it does not directly address the question now before this court. Unlike De Asencio, the instant matter involves the same overtime claims presented under both federal and state law. All of the claims involve the same factual allegations and would appear to necessitate the same discovery, testimony, and witnesses. Additionally, the legal analysis would appear to be the same for all claims set forth in this case. Accordingly, we must look to our sister district courts, many of which have addressed incompatibility issues that are very similar to the instant matter.

After the court of appeals' decision in De Asencio, numerous district courts within the jurisdiction of the Court of Appeals for the Third Circuit have dismissed state claims that parallel federal claims set forth in the same case because of the inherent incompatibility between opt-in collective actions and opt-out class actions. See e.g. Ellis v. Edward D. Jones & Co., L.P., 527 F.Supp.2d 439, 452 (W.D. Pa. 2007); Woodard v.

9

FedEx Freight East, Inc., 250 F.R.D. 178, 190 (M.D. Pa. 2008); Burkhart-Deal v. Citifinancial, Inc., No. 07-1747, 2008 WL 2357735, at *2 (W.D. Pa. June 5, 2008); Otto v. Pocono Health System, 457 F.Supp.2d 522, 524 (M.D. Pa. 2006); Herring v. Hewitt Associates, Inc., No. 06-267, 2006 WL 2347875, at *2 (D.N.J. Aug. 11, 2006); Himmelman v. Continental Cas. Co., No. 06-166, 2006 WL 2347873, at *2 (D.N.J. Aug. 11, 2006); Aquilino v. Home Depot U.S.A., Inc., No. 04-4100, 2006 WL 2023539, at *3 (D.N.J. July 17, 2006); but see Hickton v. Enterprise Rent-A-Car Co., Inc., No. 07-1687, 2008 WL 4279818 (W.D. Pa. Sept. 12, 2008) (allowing the dual filed FLSA collective action and the Rule 23 class action to move forward despite compatibility concerns); Ervin v. OS Restaurant Services, Inc., 632 F.3d 971 (7th Cir. 2011) (rejecting the inherent incompatibility argument and finding that the FLSA does not prevent state law claims for related relief to be filed in the same federal proceeding).

In 1947, Congress enacted the opt-in provision of the FLSA in response "a national emergency spawned by out-of-control litigation of employee minimum wage and overtime claims." Ellis, 527 F.Supp.2d at 450 (citations omitted). Congress desired to control the volume of litigation and ensure that "absent individuals would not have their rights litigated without their input or knowledge." Otto, 457 F.Supp.2d at 524. By requiring plaintiffs to opt-in to the collective action,

Congress intended to limit "private FLSA claims to those affirmatively asserted by affected employees 'in their own right,' and to 'free[ ] employers of the burden of representative actions.'" Ellis, 527 F.Supp.2d at 451 (quoting Hoffmann-La Roche, 493 U.S. 165, 173 (1989)). By adding the opt-in requirement to wage and overtime claims falling under the FLSA, Congress purposefully created a mechanism that avoids litigation of such claims through representative opt-out actions.

Allowing a Rule 23 opt-out action to proceed in the same lawsuit as an opt-in FLSA action would allow plaintiffs to evade the requirements of the FLSA by permitting litigation through a representative action and bringing unnamed plaintiffs into the lawsuit. Otto, 457 F.Supp.2d at 523. Moreover, it would "essentially nullify Congress's intent" in creating the FLSA opt-in scheme and would "eviscerate the purpose of [the FLSA]'s opt-in requirement." Id. at 524; see also LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975) (stating that there is a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by the FLSA").

Accordingly, we agree with the majority of district courts within the jurisdiction of the Court of Appeals for the Third Circuit, and find that the incompatibility between the

11

opt-in collective action and the opt-out class action is such that the plaintiffs' Rule 23 claims cannot proceed as class actions in so far as they overlap with their FLSA claims. We find plaintiffs' pursuit of class certification under Rule 23 subsequent to the close of the opt-in period for the FLSA collective action to be merely a "second line of attack [because] the FLSA opt-in period yielded a smaller than desired federal class." De Asencio, 342 F.3d at 312.

IV. Conclusion

Accordingly, we will deny plaintiffs' motions for class certification pursuant to Rule 23, which seek to certify the Pennsylvania and Massachusetts classes for state law wage claims.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN BELL and KEITH )
COSTANZA on behalf of )
themselves and similarly )
situated employees, )
)
      Plaintiffs, )
)
  v. )
) Civil Action No. 10-0320
CITIZENS FINANCIAL GROUP, )
INC., RBS CITIZENS, N.A. )
d/b/a CITIZENS BANK, )
CITIZENS BANK OF )
PENNSYLVANIA d/b/a )
CITIZENS BANK, )
)
      Defendants. )

ORDER

AND NOW, this 6th day of June, 2011, upon consideration of plaintiffs' motions for class certification pursuant to Federal Rule of Civil Procedure 23 [Doc. Nos. 87 and 89], IT IS HEREBY ORDERED that the motions are DENIED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record