**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUSTIN BELL and KEITH COSTANZA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS, N.A. (d/b/a Citizens Bank), and CITIZENS BANK OF PENNSYLVANIA (d/b/a Citizens Bank),<br><br>Citizens. | Civil Action No. 10-cv-00320-GLL |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO WILLFULNESS**

Defendants Citizens Financial Group, Inc., RBS Citizens, N.A. and Citizens Bank of Pennsylvania (hereafter "Citizens") submit this memorandum of law in support of their motion for judgment as a matter of law as to the willfulness of Defendants' alleged violations of the Fair Labor Standards Act ("FLSA" or "the Act"), pursuant to Rule 50 of the Federal Rules of Civil Procedure.

**ARGUMENT**

Judgment as a matter of law is appropriate when a party has been fully heard on an issue, and the Court finds that there is no legally sufficient evidentiary basis for a reasonable jury to

find for that party on that issue. Fed. R. Civ. P. 50(a)(1). Here, there is no legally sufficient evidentiary basis for a reasonable jury to find that Citizens willfully violated the FLSA.[1]

**A. No reasonable jury could conclude that Citizens either knew that its conduct violated the FLSA or showed reckless disregard for the FLSA's requirements.**

The FLSA permits a finding of a willful violation only where the employer ***knew*** that its conduct violated the statute or where it acted ***with reckless disregard*** for whether its actions were in compliance. The U.S. Supreme Court established this rule in *McLaughlin v. Richland Shoe Co*. when it rejected more lenient standards and specifically held that it was insufficient to prove that the employer was negligent, or even that the employer acted without a reasonable basis for believing that it was complying with the statute. 486 U.S. 128, 134 (1988). Actual knowledge or recklessness is required. *Id*. at 133.

Courts throughout the Third Circuit since have followed *McLaughlin* closely, regularly rejecting claims of willfulness that relied on mere negligence or an employer's lack of reasonable basis for his actions. *See, e.g., Reich v. Gateway Press, Inc*., 13 F.3d 685, 702-703 (3rd Cir. 1995) (no willfulness where employer was merely negligent in that he was mistaken as to the terms of the FLSA); *Oakes v. Commonwealth of Pa.*, 871 F. Supp. 797 (M.D. Pa. 1995) (no willfulness where plaintiffs offered no evidence that defendants had knowledge of violation or that they recklessly disregarded the FLSA's effect).

For example, in *Reich v. Gateway Press, Inc*., 13 F.3d 685, 702-703 (3rd Cir. 1995), the Third Circuit affirmed the district court's holding that the employer had not acted willfully, even though the defendant newspaper publisher had told reporters not to report more than 40 hours on

[1] There also is not sufficient evidence that plaintiffs are similarly situated to one another, so Citizens is entitled to judgment as a matter of law as to the non-testifying plaintiffs; and no reasonable jury could find for the testifying plaintiffs based on the substantial testimony about their management responsibilities. The Court has orally denied these two aspects of Citizens' motion for judgment as a matter of law, however, so Citizens does not reargue those matters here.

their timesheets regardless of how many hours they actually worked. 13 F.3d at 689. Reporters who reported more than 40 hours had their timesheets returned, and sometimes they were even reprimanded. *Id*. at 689, 702. The defendant argued that it believed the reporters were exempt from FLSA overtime requirements, despite the fact that it occasionally paid time and a half to reporters for work in excess of forty hours per week. *Id*. at 702. Even in light of these incriminating facts, the Third Circuit affirmed the district court's holding that the defendant did not act willfully. *Id*. at 703. The startling facts involved in *Reich* illustrate that the standard for willfulness in the Third Circuit is quite demanding.

In *Martin v. Selker Bros. Inc.*, 949 F.2d 1286 (3rd Cir. 1991), the Third Circuit found willfulness, but based on direct evidence that the employer knew the challenged conduct was or might well be illegal, and chose to continue on despite those doubts. In particular, the employer (1) had received complaints that the operators were making less than minimum wage, (2) admitted concerns about the legality of his commission policies (including an admission to a gas station operator that he believed the payment arrangement "could be illegal") and (3) continued to apply those policies "despite his explicit concerns and doubts as to its legality." *Id*. at 1291, 1296. "One operator testified that Bernard Selker told him there was a 'fine line' regarding the legality of paying employees on a commission basis, and Selker instructed him to 'hush it up.'" *Id*. In the court's view, these facts together amounted to "evident indifference" equivalent to knowledge or willfulness.[2]

[2] District courts have noted the Third Circuit's "evident indifference" language in *Selker Bros*., but, likely in light of *Selker Bros*.' egregious facts, they have continued to require facts establishing actual knowledge or reckless disregard in order to find willfulness. *See, e.g.*, *Solis v. A-1 Mortg. Corp.*, --- F. Supp. 2d ---, 2013 WL 1182950 at *27-28 (W.D. Pa. March 21, 2013) (noting *Selker Bros*. and finding willfulness where employer had history of FLSA violations and had reason to know its current conduct violated the FLSA). Plaintiffs have established no such facts here.

In light of *Reich* and *Selker Bros.*, the Plaintiffs' argument that an employer acts willfully simply by failing to investigate the conditions of every employee's employment to ensure total compliance with the FLSA at all times must fail. In fact, the weak standard articulated by the Plaintiffs is similar to the standard rejected by the Supreme Court in *McLaughlin*. 486 U.S. 132-33. "A standard that merely requires that an employer knew that the FLSA 'was in the picture' virtually obliterates any distinction between willful and nonwillful violations" because "'it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability.'" *Id*. at 133, quoting *Trans World Airlines Inc. v. Thurston*, 469 U.S. 111, 128 (1985). *See also Oakes*, 871 F. Supp. at 801 (rejecting plaintiff's argument that the defendant, a government employer, should have been cognizant of the law). Without evidence that Citizens had actual knowledge of ongoing FLSA violations or recklessly disregarded the effect of the Act, no reasonable jury could conclude that Citizens acted willfully. Indeed, where a plaintiff "fails to point to any evidence which supports the conclusion that defendant acted willfully. . . . defendant is entitled to judgment as a matter of law with respect to the issue of willfulness." *Harris v. Mercy Health Corp*., No. CIV. A. 97-7802, 2000 WL 1130098 at *6 (E.D. Pa. Aug. 10, 2000).

**B. Plaintiffs' reliance on *Stillman v. Staples* is misplaced.**

With controlling Third Circuit precedent uniformly demanding proof that an employer was actively aware of potential liability and chose to ignore the problem, plaintiffs must look elsewhere for authority to support their weaker standard. At the recent argument on Citizens' motion, plaintiffs could find only one case to cite, an unpublished magistrate judge decision from the District of New Jersey. *Stillman v. Staples*, No. 07-849 (KSH), 2009 WL 1437817 (D.N.J. May 15, 2009). *Stillman* is an outlier case that does not conform to Third Circuit precedent. Relying on a decision of the U.S. Court of Federal Claims and an unpublished district court case,

*Stillman* held that a reasonable jury could have concluded that the defendant acted willfully under a willfulness standard requiring knowledge, reckless disregard, or a failure to make "adequate inquiry into exactly what the FLSA requires." *Id*. at *11 (citing *Bull v. United States*, 68 Fed. Cl. 212, 272-73 (Fed. Cl. 2005); *Falzo v. County of Essex*, No. 03-1922 (JLL), 2008 WL 2064811 at *8 (D.N.J. May 14, 2008)). By adding that willfulness may be found where a defendant fails to adequately inquire into "exactly what the FLSA requires," the *Stillman* court applied a standard that is less demanding than that which is required by the Third Circuit and the U.S. Supreme Court, and a standard that neither of those courts has applied.

Furthermore, *Stillman* is distinguishable on its facts. The district court denied Staples' motion for judgment notwithstanding the verdict in light of all of the evidence, including evidence that (1) upper management had specific knowledge that certain sales managers were spending the majority of their time on hourly tasks, (2) they conducted an audit that was unsatisfactory in light of that knowledge, and (3) Staples did not seek guidance from the Department of Labor despite previous challenges to its compliance with overtime laws. *Id*. at *12-14. At oral argument in this case, plaintiffs maintained that *Stillman* stood for the notion that a reasonable jury could conclude that a failure to conduct an audit, or, alternatively, conducting an unsatisfactory audit, alone is evidence of willfulness. In fact, *Stillman* held that a reasonable jury could conclude that an unsatisfactory audit was evidence of willfulness in light of other evidence that Staples was effectively on notice of possible FLSA violations. *Id*. at *13. Plaintiffs offer no such supporting evidence here. Without more, even under the overly generous standard applied in *Stillman*, no reasonable jury could conclude that Citizens' alleged violations were willful.

**CONCLUSION**

For the foregoing reasons and those stated at oral argument, Citizens respectfully requests judgment as a matter of law as to willfulness.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.
RBS CITIZENS, N.A.
CITIZENS BANK OF PENNSYLVANIA

By their attorneys,

/s/Mark W. Batten

Elise M. Bloom*****
Brian J. Gershengorn*
Proskauer
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000; Fax: 212.969.2900
ebloom@proskauer.com
bgershengorn@proskauer.com

Mark W. Batten*****
Alison Langlais*
Proskauer
One International Place
Boston, MA 02110
Tel: (617) 526-9600; Fax: (617) 526-9899
mbatten@proskauer.com
alanglais@proskauer.com

*Admitted pro hac vice

Dated: April 15, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2013, a true copy of the foregoing was filed through the Court's electronic filing system (ECF) and was served upon all attorneys of record for each other party to this action through operation of such system. It is available for viewing and downloading through the ECF system.

/s/Mark W. Batten
Mark W. Batten



2061/62501-006 current/36016033v2