IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JUSTIN BELL and KEITH COSTANZA, on behalf of themselves and similarly situated employees, | : : : : | |
| Plaintiffs, | : : | NO. 10-cv-00320-GLL |
| v. | : : | |
| CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS, N.A. (d/b/a Citizens Bank), and CITIZENS BANK OF PENNSYLVANIA (d/b/a Citizens Bank), | : : : : | |
| Defendants. | : : | |

## DEFENDANTS' REVISED PROPOSED JURY CHARGES

Defendants Citizens Financial Group, Inc., RBS Citizens N.A. (d/b/a Citizens Bank) and Citizens Bank of Pennsylvania (d/b/a Citizens Bank) (collectively "Defendants"), by and through their undersigned counsel, respectfully request that the Court instruct the jury on the law as set forth in the attached instructions.

Defendants reserve their right to modify, amend or supplement its proposed jury charges in accordance with the rules of the Court.

Defendants are not submitting proposed jury charges in regards to damages since the Court has bifurcated liability and damages. It is Defendants understanding that the Court will instruct the jury on damages separately. As a result, Defendants reserve their right to submit, if necessary, jury charges on damages.

Respectfully submitted,

Dated:  April 16, 2013

CITIZENS FINANCIAL GROUP, INC.
RBS CITIZENS, N.A.
CITIZENS BANK OF PENNSYLVANIA

By their attorneys,

PROSKAUER ROSE LLP

/s/ Alison Langlais
Mark W. Batten*
Alison Langlais*
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899
mbatten@proskauer.com
alanglais@proskauer.com


Elise M. Bloom*
Brian J. Gershengorn*
Eleven Times Square
New York, NY 10036
Tel:  212.969.3000
Fax:  212.969.2900
ebloom@proskauer.com
bgershengorn@proskauer.com

*Admitted pro hac vice

**<u>DEFENDANTS' REQUEST TO CHARGE NO. 1</u>**
**ROLE OF THE JURY**[1]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

---

[1] Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.1 (2011 Edition).

## DEFENDANTS' REQUEST TO CHARGE NO. 2
### SYMPATHY[2]

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.

No party to this lawsuit is entitled to any sympathy nor is any party to this lawsuit entitled to any favor or special consideration.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to any lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

You are aware, of course, that Citizens is not a human being, but a legal entity.  The mere fact that Citizens is a corporation does not mean it is entitled to any lesser consideration by you.  All parties are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give to any other party.  You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

---

[2] 3 O'MALLEY, GRENIG AND LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 103.11-12 (5th ed. 2000); 4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 71.01, Instruction 71-10.

**DEFENDANTS' REQUEST TO CHARGE NO. 3**
**EVIDENCE[3]**

The evidence from which you are to find the facts consists of the following:

1.  The testimony of the witnesses;

2.  Documents and other things received as exhibits;

3.  Any facts that were stipulated – that is, formally agreed to by the parties; and

4.  Any facts that were judicially noticed – that is, facts I say you must accept as true even without any evidence.

The following things are not evidence:

1.  Statements, arguments, and questions of the lawyers for the parties in this case;

2.  Objections by lawyers;

3.  Any testimony I told you to disregard; and

4.  Anything you may have seen or heard about this case outside the courtroom.

You must make your decision based only on the evidence that you have seen and heard in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion you are free to reach that conclusion.

---

[3]  Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.5 (2011 Edition).

**DEFENDANTS' REQUEST TO CHARGE NO. 4**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**[4]

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called direct evidence.  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses or something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

---

[4]  Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.6 (2011 Edition).

## DEFENDANTS' REQUEST TO CHARGE NO. 5
### CREDIBILITY OF WITNESSES[5]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1. The opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2. The quality of the witness's understanding and memory;

3. The witness's manner while testifying;

4. Whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5. Whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6. How reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7. Any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Additionally, because this case is a collective action, not every Plaintiff has testified, but instead only a sampling of Plaintiffs have testified which they believe to be representative of the

---

[5] Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.7 (2011 Edition).

Plaintiffs as a whole.  It is up to you to decide whether the Plaintiffs who testified are, in fact, a fair representation of those who did not testify, or if they were not similarly situated to the non-testifying Plaintiffs such that the Plaintiffs who did testify do not represent the experiences of the Plaintiffs who did not testify.  I will charge you further on this shortly.

## DEFENDANTS' REQUEST TO CHARGE NO. 6
### INTEREST IN OUTCOME[6]

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances their own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected their testimony.

---

[6]  4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 76.01, Instructions 76-2, 76-3.

## DEFENDANTS' REQUEST TO CHARGE NO. 7
### JUDICIAL NOTICE[7]

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [***state the fact that the court has judicially noticed***], even though no evidence has been introduced to prove this fact.  You must accept this fact as true for purposes of this case.

---

[7] Model Civil Jury Instructions for the District Courts of the Third Circuit § 2.2 (2011 Edition).

## <u>DEFENDANTS' REQUEST TO CHARGE NO. 8</u>
### STIPULATION OF FACT[8]

The parties have stipulated that certain facts are true, and those stipulations have been

read to you during this trial.  You must therefore treat these facts as having been proved for the

purposes of this case.

---

[8] Model Civil Jury Instructions for the District Courts of the Third Circuit § 2.4 (2011 Edition).

## DEFENDANTS' REQUEST TO CHARGE NO. 9
### USE OF DEPOSITIONS[9]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [*name of witness*], which was taken on [*date*], has been presented to you during the trial.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

---

[9] Model Civil Jury Instructions for the District Courts of the Third Circuit § 2.5 (2011 Edition).

## DEFENDANTS' REQUEST TO CHARGE NO. 10
### CHARTS AND SUMMARIES IN EVIDENCE[10]

Plaintiffs and/or Citizens have presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

---

[10] Model Civil Jury Instructions for the District Courts of the Third Circuit § 2.7 (2011 Edition).

**DEFENDANTS' REQUEST TO CHARGE NO. 11**
**CHARTS AND SUMMARIES NOT ADMITTED IN EVIDENCE[11]**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case.  [*Description of the charts and summaries that have not been admitted*].  These charts and summaries are not themselves proof of any facts.  They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

---

[11] Model Civil Jury Instructions for the District Courts of the Third Circuit § 2.8 (2011 Edition).

## DEFENDANTS' REQUEST TO CHARGE NO. 12
### NATURE OF THE CLAIM[12]

Plaintiffs have made a claim under the Fair Labor Standards Act ("FLSA") on behalf of current and former Assistant Branch Managers in nine northeastern states: Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont. The FLSA requires, among other things, employers to pay employees time-and-a-half their hourly rate for hours worked in a week over 40 unless the employees are exempt from the law's requirements.

Citizens asserts that Plaintiffs were exempt from the FLSA's overtime requirements as administrative and/or executive employees. Citizens also asserts that Assistant Branch Managers did not work more than 40 hours per week, and were not entitled to overtime whether or not they were exempt from the FLSA's overtime requirements.

You will decide whether the administrative or executive exemption applies to each Plaintiff. To the extent you decide either exemption applies to some or all of the Plaintiffs, you will find for Defendants as to those Plaintiffs. To the extent that you decide that either exemption does not apply to any of the Plaintiffs, you will decide whether each such Plaintiff has satisfied his or her burden of proof as to whether he or she would be entitled to overtime under the Fair Labor Standards Act because they worked over forty hours in a work week. If you decide that Citizens is liable to any of the Plaintiffs, you will then decide the number of weeks each such Plaintiff worked such overtime hours, if any, and the number of overtime hours worked each week, if any.

---

[12] Fair Labor Standards Act, 29 U.S.C. §§ 207, 213.

## <u>DEFENDANTS' REQUEST TO CHARGE NO. 13</u>
### REPRESENTATIVE EVIDENCE[13]

The FLSA allows employees to pursue their overtime claims as a group in one case, called a collective action. This case before you is a collective action brought by the Plaintiffs Justin Bell and Keith Costanza, and 471 other current and former Assistant Branch Managers of Citizens.  Because this case is a collective action, not every Plaintiff has testified. Rather, the Plaintiffs have offered testimony from a group of Plaintiffs they believe to be representative of the Plaintiffs as a whole, along with other evidence purporting to show all Plaintiffs are similarly situated.

You must decide whether the Plaintiffs who testified are "fairly representative" of those who did not testify. This means you must determine whether or not the group of Plaintiffs who testified, along with all of the other direct and circumstantial evidence produced at trial, establishes the non-testifying Plaintiffs' claims, as well. If you find that the testifying Plaintiffs are "fairly representative" of the non-testifying Plaintiffs, you can infer from the testifying Plaintiffs whether or not the non-testifying Plaintiffs worked overtime hours while employed by Citizens, and the extent of the overtime work the non-testifying Plaintiffs performed.

The testifying Plaintiffs can only represent the non-testifying Plaintiffs if both groups performed substantially similar work. In considering whether the work that the testifying and non-testifying Plaintiffs performed was substantially similar, you may take into consideration job duties, employer expectations, motivations, suggested work hours, familiarity with other employees' work hours, compensation, locations, staffing and first-hand knowledge of the

---

[13] *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701-02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297-98 (3d Cir. 1991);  *Espenscheid v. Directstat USA, LLC*, 2011 U.S. Dist. LEXIS 56062 at *13-15, 17-19 (W.D. Wisc. May 23, 2011); *Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965, 995-97 (S.D. Ohio 2010); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1068-71 (D. Or. 2010).

"Assistant Branch Manager" position.  You may also take into consideration the time periods each Plaintiff worked in, the supervisors each Plaintiff worked for, and the clients each Plaintiff served.  Although the testifying Plaintiffs do not need to have personal knowledge of the work performed by non-testifying Plaintiffs, you may consider the testifying Plaintiffs' lack of personal knowledge in evaluating the credibility and weight of their testimony.

**DEFENDANTS' REQUEST TO CHARGE NO. 14**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE[14]**

This is a civil case. Plaintiffs have brought this lawsuit. Citizens is the party against whom the lawsuit was filed. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence.  That means Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to Citizens on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side.  If Plaintiffs fail to meet this burden, the verdict must be for Citizens.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Citizens has the burden of proving the elements of the defense by a preponderance of the evidence.  As discussed previously, Citizens' claim that Plaintiffs were exempt – as administrative or executive employees – from the FLSA's overtime requirements is an affirmative defense.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Citizens has succeeded in proving that the required facts are more likely so than not so.

---

[14] Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.10 (2011 Edition).

You may have heard of the term proof beyond a reasonable doubt.  That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**DEFENDANTS' REQUEST TO CHARGE NO. 15**
**PLAINTIFFS' *PRIMA FACIE* CASE**[15]

In order to satisfy their initial burden under the FLSA, Plaintiffs must prove the following

elements by a preponderance of the evidence:

1.  Plaintiffs were employed by Citizens during the time period involved;

2.  Plaintiffs were employees engaged in commerce or in the production of goods for

    commerce or were employed by an enterprise engaged in commerce or in the production

    of goods for commerce;

3.  Plaintiffs in fact worked more than forty hours in a week but were not paid overtime

    compensation for the hours worked in excess of forty;

4.  Plaintiffs have proved the amount and extent of that work over forty hours as a matter of

    just and reasonable inference.

---

[15] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701 (3d Cir. 1994); *Mell v. GNC Corp.*, 2010 U.S. Dist. LEXIS 118938 at *15 (W.D. Pa. Nov. 9, 2010).

**DEFENDANTS' REQUEST TO CHARGE NO. 16**
**EXEMPTIONS UNDER THE FLSA[16]**

If you find that Plaintiffs have proved their prima facie case, the next issue you must decide is whether Plaintiffs were exempt from the FLSA such that the overtime pay requirements did not apply to them.  Specifically, Citizens claims that the overtime pay law does not apply to Plaintiffs because of an exemption from these requirements.  Citizens is claiming two exemptions apply in this case: the administrative exemption and the executive exemption. Citizens need only prove that one exemption applies for Plaintiffs to be considered exempt from the FLSA's overtime requirements.  Citizens bears the burden of proving the exemption defense by a preponderance of the evidence.

---

[16] *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1143 (3d Cir. 1983).

### DEFENDANTS' REQUEST TO CHARGE NO. 17
### PRIMARY DUTY[17]

Whether an employee qualifies for the administrative or executive exemptions depends on what the "primary duty" of that employee was.  If an employee's primary duty was administrative or executive exempt work, which I will define for you momentarily, that employee is exempt from the FLSA's overtime requirements and you should find for Citizens. The term "primary duty" means the principal, main, major or most important duty that the employee performs.  Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with the other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by that employee.

However, it is important to note that this list of factors is non-exhaustive and is only meant to provide guidance.  There is no magic number of factors that causes an employee's primary duty to become the performance of exempt work.  An employee can be an exempt employee if one or even none of the factors weigh in favor the exemption.  Ultimately, the determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

It is also useful to point out that the amount of time spent performing exempt work can be a useful guide in determining whether an employee's primary duty is exempt work.  Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement.  But this is only a general guideline, and time is not the

---

[17] 29 C.F.R. § 541.700; *Soehnle v. Hess Corp.*, 399 Fed. Appx. 749, 751-52 (3d Cir. 2010).

sole test.  Primary duty does not mean the most time-consuming duty; it instead connotes the "principal" or "chief" – meaning the most important – duty performed by the employee. Nothing requires that exempt employees spend more than 50 percent of their time performing exempt work.  Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

## DEFENDANTS' REQUEST TO CHARGE NO. 18
### ADMINISTRATIVE EXEMPTION[18]

To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or its customers.  The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee.

To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling products in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer networking, internet and database administration, legal and regulatory compliance, and similar activities.

Work that is "directly and closely related" to the performance of administrative work is also considered administrative work itself.  The phrase "directly and closely related" means tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work.  Thus, "directly and closely related" work may include physical and menial tasks that arise out of exempt duties and the routine work without which the exempt employee's exempt work cannot be performed properly.  Work "directly and closely related" to the performance of exempt duties

---

[18] 29 C.F.R. §§ 541.200-202; *Swartz v. Windstream Communs., Inc.*, 429 Fed. Appx. 102, 104-05 (3d Cir. 2011).

may include recordkeeping, monitoring and adjusting machinery, taking notes, using the computer to create documents or presentations, opening the mail for the purpose of reading it and making decisions, and using a photocopier or a fax machine.  Work is not "directly and closely related" if the working is remotely related or completely unrelated to the exempt duties.

To qualify for the administrative exemption, an employee's primary duty must also include the exercise of discretion and independent judgment with respect to matters of significance.  In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered.  The term "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which this question arises.  Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to, whether the employee has authority to formulate, affect, interpret or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies or procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning

long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of the management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion or independent judgment.

An employer's volume of business may make it necessary to employ a number of employees to perform the same or similar work. The fact that many employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures and specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data or performing other mechanical repetitive recurrent or routine work.

The use of manuals, guidelines or other established procedures containing or relating to highly technical, scientific, legal, financial or other similarly complex matters that can be understood or interpreted only by those with advanced or specialized knowledge or skills does not preclude a finding that the employee is administratively exempt.  Such manuals and procedures provide guidance in addressing difficult or novel circumstances and thus use of such reference material would not affect an employee's exempt status.  Nevertheless, employees who simply apply well-established techniques or procedures described in manuals or other sources within closely prescribed limits to determine the correct response to an inquiry or set of circumstances are not exempt.

## DEFENDANTS' REQUEST TO CHARGE NO. 19
### EXECUTIVE EXEMPTION[19]

To qualify for the executive exemption, an employee's primary duty must be the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof.  Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.  An employee need not perform all or a certain amount of these tasks in order to qualify for the exemption.

Work that is "directly and closely related" to the performance of executive work is also considered executive work itself.  As discussed with the administrative exemption, the phrase "directly and closely related" means tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work.  Thus, "directly and closely related" work may include physical and menial tasks that arise out of exempt duties and the routine work without which the exempt employee's exempt work cannot be performed properly.  Work "directly and closely

---

[19] 29 C.F.R. §§ 100-106; *Soehnle v. Hess Corp.*, 399 Fed. Appx. 749, 751-52 (3d Cir. 2010); *Scott v. SSP Am., Inc.*, 2011 U.S. Dist. LEXIS 32819 at *33 (E.D.N.Y. Mar. 29, 2011).

related" to the performance of exempt duties may include recordkeeping, monitoring and adjusting machinery, taking notes, using the computer to create documents or presentations, opening the mail for the purpose of reading it and making decisions, and using a photocopier or a fax machine.  Work is not "directly and closely related" if the working is remotely related or completely unrelated to the exempt duties.  The following are examples of work that is "directly and closely related" to executive work: keeping time, production or sales records for subordinates; spot checking and examining the work of subordinates to determine whether they are performing their duties properly, and whether the end product is satisfactory; and retail managers checking the effectiveness of sales techniques performed and the quality of customer service given by their subordinates.

The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function. For example, a large employer's human resources department might have subdivisions for labor relations, pensions and other benefits, equal employment opportunity, and personnel management, each of which has a permanent status and function.

To qualify for the executive exemption, an employee must also customarily and regularly direct the work of two or more other employees.  The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent.  The supervision can be distributed among two, three or more employees, but each

such employee must customarily and regularly direct the work of two or more other full-time employees or the equivalent. Thus, for example, a department with five full-time nonexempt workers may have up to two exempt supervisors if each such supervisor customarily and regularly directs the work of two of those workers.  Hours worked by an employee cannot be credited more than once for different executives. Thus, a shared responsibility for the supervision of the same two employees in the same department does not satisfy this requirement. However, a full-time employee who works four hours for one supervisor and four hours for a different supervisor, for example, can be credited as a half-time employee for both supervisors.

Third, to qualify for the executive exemption, an employee must have the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

Lastly, the concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements for the exemption are otherwise met.  Whether an employee meets the requirements of the exemption when the employee performs concurrent duties is determined by which duties are the employee's primary duties. Generally, exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations under their management while performing the nonexempt work.  In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods.  An employee whose primary duty is ordinary production work or routine, recurrent or repetitive tasks cannot qualify for exemption as an executive.

For example, an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

## DEFENDANTS' REQUEST TO CHARGE NO. 20
### WILLFULNESS

If you find that Citizens violated the FLSA, you must then determine whether Citizens' violation was willful.  In order to show that a violation was willful, Plaintiffs must prove that Citizens either knew its treatment of ABMs as exempt violated the FLSA or showed reckless disregard for whether that treatment complied with the FLSA.[20]  Showing that Citizens was merely negligent or that it acted unreasonably is not sufficient to prove that Citizens acted willfully.[21]  If Plaintiffs cannot prove that Citizens acted willfully, damages will be limited to 2 years; if Plaintiffs prove that Citizens acted willfully, damages will be extended to 3 years.[22]

---

[20] *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

[21] *See, e.g., Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702-03 (3d Cir. 1995) (no willfulness where employer was merely negligent in that he was mistaken as to the terms of the FLSA); *Oakes v. Commonwealth of Pa.*, 871 F. Suppp. 797 (M.D. Pa. 1995) (no willfulness where plaintiffs offered no evidence that defendants had knowledge of violation or that they recklessly disregarded the FLSA).

[22] 29 U.S.C. § 255(a);

<u>**DEFENDANTS' REQUEST TO CHARGE NO. 21**</u>
**DELIBERATIONS**[23]

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views

---

[23] Model Civil Jury Instructions for the District Courts of the Third Circuit § 3.1 (2011 Edition); Practices and Procedures of Chief Judge Gary L. Lancaster § III.H (March 31, 2011).

and to change your opinion based upon the evidence. But you should not give up your honest

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you

change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each

other about the case.  During your deliberations, you must not communicate with or provide any

information to anyone by any means about this case.  You may not use any electronic device or

media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet

service, or any text or instant messaging service; or any internet chat room, blog, website, or

social networking service to communicate to anyone any information about this case or to

conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of

paper, have the foreperson sign them, and give them to the jury officer.  The officer will give

them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what

you have asked, so it may take some time to get back to you.  Testimony is not permitted to be

read back to the jury during deliberations.  You must rely on your collective memory in

considering the evidence.  However, you will be given all admitted exhibits to use during

deliberations.

One more thing about messages.  Never write down or tell anyone how you stand on your

votes.  For example, do not write down or tell anyone that a certain number is voting one way or

another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a

jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.